UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROLAND PELLETIER, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:22-cv-00405-JDL |
| PENOBSCOT COUNTY JAIL, et al., | ) ) ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Plaintiff alleges that Defendants, which include the Penobscot County Jail in Maine and the Brevard County Jail in Florida, provided inadequate medical care. Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### FACTUAL BACKGROUND

Plaintiff alleges that he has been deprived of adequate medical care as the result of "intentional negligence and/or malpractice." (Complaint at 3-4, ECF No. 1.) He asserts he has been deprived of his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (*Id.*) Plaintiff alleges that he had a tooth "knocked out" and suffered an injury to his neck and head as the result of an encounter with corrections officers. (*Id.* at 5.)

## STANDARD OF REVIEW

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal

standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

Plaintiff alleges he was a pretrial detainee at the time of the alleged conduct. (Complaint at 4.) Regardless of whether Plaintiff was a pretrial detainee or serving a sentence, Defendants were obligated to provide Plaintiff with adequate medical care. *Sacco v. American Institutional Medical Group*, No. 1:20-cv-447-JL, 2022 WL 2194589, at *7 (D.N.H. June 17, 2022). The Eighth Amendment, which prohibits cruel and usual punishments, governs prisoners' medical needs after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983). Defendants have the "substantive obligation" not to treat prisoners in their care in a manner that reflects "deliberate indifference" toward "a substantial risk of serious harm to health," *Coscia v. Town of Pembroke*, 659 F.3d 37, 39 (1st Cir. 2011), or "serious medical needs." *Feeney v. Corr. Med. Servs.*, 464 F.3d 158, 161 (1st Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 105 –106 (1976)).

To establish constitutional liability, Plaintiff must demonstrate both that he was "incarcerated under conditions posing a substantial risk of serious harm," and that Defendants "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834). In other words, Plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) to prove a constitutional claim of deliberate indifference.

3

*Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc). "Deliberate indifference is plainly not negligence." *Sacco*, 2022 WL 2194589, at *1.

The objective standard evaluates the seriousness of the risk of harm to health. There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety." *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Here, Plaintiff has not alleged sufficient facts to support a deliberate indifference claim. Plaintiff has alleged no facts as to the treatment that was necessary or the treatment that was or was not provided. Plaintiff's complaint consists of conclusory statements unsupported by any facts. "Though … pro se complaints are to be read generously, allegations … must nevertheless be supported by material facts, not merely conclusory statements." *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980) (citation omitted).

Additionally, the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* Plaintiff's conclusory allegations are insufficient to support an actionable federal claim. For similar reasons, to the extent Plaintiff seeks to assert a state law negligence claim, Plaintiff's complaint lacks the facts necessary to support the claim.[1]

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of January, 2023.

---

[1] Even if Plaintiff's complaint could be construed to allege a negligence claim, because Plaintiff has plainly failed to allege a federal claim, the Court should not exercise supplemental jurisdiction over the state law claim. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims").